UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH EBANKS,

    Plaintiff,

v.

CASE NO.:

THOMAS C. STRINGFIELD, Individually,
d/b/a ALL PHASE ELECTROSTATIC PAINTING,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH EBANKS ("Mr. Ebanks" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, THOMAS C. STRINGFIELD, as an individual, d/b/a ALL PHASE ELECTROSTATIC PAINTING ("APEP" or "Defendant") and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiff was an hourly paid, non-exempt employee, who performed painting and other related activities for Defendant in Hillsborough County, Florida.

4. Defendant is an individual who conducts business in, among other places, Hillsborough County, Florida.

## JURISDICTION

5. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d).

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce," or in the production of goods for commerce, within the meaning of § 3 (s)(1) of the Act.

12. Defendant has employees engaged in commerce, or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as paint, painting tools, equipment, and material.

15. At all times material hereto, Defendant accepted and processed payments from its customers and others, which were drawn on out-of-state bank accounts.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without laborers like Plaintiff.

## STATEMENT OF FACTS

17. Plaintiff worked for Defendant as a non-exempt, hourly paid laborer from 2006 until October 2016.

18. Plaintiff mainly performed manual labor such as painting, masking paper, and ensuring no painting errors occurred on the job site.

19. At various material times hereto, Plaintiff worked for Defendant in excess of fifty (50) hours within a workweek.

20. During all times relevant, Defendant failed to compensate Mr. Ebanks at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in a single workweek, as mandated by the FLSA.

21. Rather than legally pay Plaintiff the overtime wages to which he was entitled, Defendant paid Plaintiff his straight-time rate of $13.00 per hour for all hours worked in excess of

forty (40) in a given workweek.

22. Defendant assured Plaintiff, along with his fellow crew members, that it would compensate Plaintiff overtime compensation once APEP secured its contract with AutoZone.

23. Defendant was obligated under the law before securing this account to compensate Plaintiff for his overtime premium. Even still, although that account came to fruition, Defendant's unlawful pay practices remained unchanged.

24. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

25. Defendant violated the FLSA during Plaintiff's employment because:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

26. Upon information and belief, Defendant is in possession of Plaintiff's pay and time records. Therefore, Plaintiff cannot calculate, with certainty, the amount of overtime he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

27. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

28. Plaintiff re-alleges paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

29. Plaintiff worked in excess of the forty (40) hours per week for Defendant, for which Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendant failed and continues to fail to maintain proper and accurate time records as mandated by the FLSA.

32. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

33. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## DECLARATORY RELIEF

36. Plaintiff re-alleges and reavers all allegations in paragraphs 1 through 25.

37. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

38. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

39. Plaintiff may obtain declaratory relief.

40. Defendant employed Plaintiff.

41. Defendant is an enterprise as defined by the FLSA.

42. Plaintiff was individually covered by the FLSA.

43. Defendant failed to pay Plaintiff for all hours worked.

44. Defendant failed to pay Plaintiff in a timely fashion, as required by the FLSA.

45. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

46. Defendant failed to take affirmative steps to support a good faith defense.

47. Plaintiff is entitled to liquidated damages.

48. It is in the public interest to have these declarations of rights recorded.

49. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

50. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

51. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment interest;

    g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 26th day of April, 2017.

Respectfully submitted,

By: _____
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*